**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE S. COHLMIA, JR., M.D.,
and CARDIOVASCULAR
SURGICAL SPECIALISTS CORP., an
Oklahoma corporation,

        Plaintiffs - Appellants,

v.

ST. JOHN MEDICAL CENTER,
WILLIAM HOWARD ALLRED,
M.D., and WILLIAM BURNETT,
M.D.,

        Defendants - Appellees.

No. 12-5188

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. NO. 4:05-CV-00384-GKF-TLW)**

---

Rabindranath Ramana, Calvert Law Firm, Oklahoma City, Oklahoma (Randall K.
Calvert, Calvert Law Firm, Oklahoma City, Oklahoma, and Michael K. Barkett,
The Barkett Law Firm PLLC, Tulsa, Oklahoma, with him on the briefs), for
Appellants.

William H. Spitler, McDonald, McCann & Metcalf, LLP, Tulsa, Oklahoma (James
W. Conner, Jr., Richards & Connor, PLLP, Tulsa, Oklahoma, with him on the
brief), for Appellees.

---

Before **HARTZ**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

Dr. George Cohlmia appeals the district court's decision to award attorney's fees to St. John Medical Center as provided by the Health Care Quality Improvement Act of 1986 ("HCQIA"). Finding that the district court did not abuse its discretion in awarding attorney's fees under the Act, we AFFIRM.

## I. Background

This case arises from two surgeries performed by Dr. Cohlmia, a cardiovascular and thoracic surgeon at St. John, a Tulsa hospital. The surgeries resulted in the death of one of the patients and the permanent disfigurement of the other. As a result, the hospital conducted a review and concluded that Dr. Cohlmia had failed to follow proper medical protocols. After St. John suspended his staff privileges, Dr. Cohlmia appealed the suspension and requested a hearing, where he was represented by counsel. At the close of the hearing, a retired federal district court judge upheld the suspension. St. John's medical executive committee and its board of directors also reviewed the evidence and agreed with the decision to suspend Dr. Cohlmia.

In the wake of his suspension from St. John, other Tulsa medical facilities inquired into Dr. Cohlmia's competencies as a surgeon. Because of the suspension, Dr. Cohlmia was under review or no longer credentialed at three other hospitals.

Dr. Cohlmia sued nineteen defendants on eight causes of action. The district court dismissed five of those claims early in the proceedings, finding Dr. Cohlmia had failed to state claims for unlawful attempt to monopolize the market, illegal boycott, discrimination resulting from his affiliation with Native American patients, and intentional infliction of emotional distress; and that his defamation claim was time barred. *Cohlmia v. Ardent Health Servs., LLC*, 448 F. Supp. 2d 1253 (N.D. Okla. 2006). The court allowed discovery to proceed on the remaining claims, and the defendants produced over 150,000 documents.

After discovery was completed, the district court granted summary judgment for St. John on the three remaining claims: (1) violations of the Sherman Antitrust Act and the Clayton Act; (2) violations of the Oklahoma Antitrust Reform Act; and (3) tortious interference with contract and interference with prospective economic advantage. *Cohlmia v. St. John Med. Ctr.*, 906 F. Supp. 2d 1188, 1191 (N.D. Okla. 2012). We affirmed the district court's decision. *Cohlmia v. St. John Med. Ctr.*, 693 F.3d 1269 (10th Cir. 2012). We based a large part of our holding on the application of HCQIA and found that it shielded St. John from all claims for damages. We also affirmed the district court's decision to deny Dr. Cohlmia's request for injunctive relief, finding, among other things, that he had failed to present evidence that he suffered any relevant injury.

Following our decision, St. John sought attorney's fees under HCQIA. The district court awarded $732,668 to St. John on the grounds that, under HCQIA, Dr. Cohlmia's claims and conduct during litigation were frivolous and in bad faith. Dr. Cohlmia appeals that decision, arguing that the district court misinterpreted the relevant provisions of HCQIA and that his claims were well founded and properly litigated.

## II. Analysis

### A. Health Care Quality Improvement Act

HCQIA "provides immunity to hospitals or doctors who perform peer reviews or challenges to professional conduct where patient care is at issue." *Cohlmia*, 693 F.3d at 1276. "HCQIA was adopted out of concern 'that medical professionals who were sufficiently fearful of the threat of litigation will simply not do meaningful peer review, thus leaving patients at the mercy of people who should have been corrected or removed from their positions.'" *Id.* (quoting IB Phillip E. Areeda & Herbert Hovenkamp, Antitrust Law 19 n.1 (3d ed. 2006)). Specifically, HCQIA protects any person participating in a professional review action from liability so long as that action satisfies requirements set out in 42 U.S.C. § 11112(a). 42 U.S.C. § 11111.

If a defendant meets the statutory requirements for a professional review action, § 11113 allows for an attorney's fee award where the plaintiff's claim or

-4-

conduct during the litigation was "frivolous, unreasonable, without foundation, or in bad faith":

> In any suit brought against a defendant, to the extent that a defendant has met the standards set forth under section 11112(a) of this title and the defendant substantially prevails, *the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.* For the purposes of this section, a defendant shall not be considered to have substantially prevailed when the plaintiff obtains an award for damages or permanent injunctive or declaratory relief.

42 U.S.C. § 11113 (emphasis added).

Accordingly, a court shall award attorney's fees to a prevailing defendant if (1) the professional review action conforms to the standards set forth in § 11112(a), (2) the defendant substantially prevails, and (3) the plaintiff's claim or conduct during litigation was frivolous, unreasonable, without foundation, or in bad faith.

We have previously concluded that St. John satisfied the first and second requirements. *Cohlmia*, 693 F.3d at 1277–79 (holding that Dr. Cohlmia failed to rebut the presumption that St. John met the § 11112(a) standards and affirming the district court's grant of summary judgment). Thus, the only substantive

question presented here is whether Dr. Cohlmia's claim or conduct was frivolous or in bad faith.

The district court concluded "that Cohlmia's claims were—at best—unreasonable and without foundation and—at worst—frivolous and asserted in bad faith." Order at 26. Specifically, the district court found that

> the defamation and [other tort] claims, which were disposed of at the motion to dismiss stage, were frivolous when pled. The Section 1981 claim, pursuant to which Cohlmia accused St. John of attempting to deprive Native Americans of quality health care, survived St. John's motion to dismiss, but after more than a year and one half of discovery, was voluntarily dismissed by plaintiffs.

*Id.* (internal quotations omitted). Regarding Dr. Cohlmia's antitrust claims, the district court noted that it had "early on expressed skepticism of their viability," *id.*, and concluded "that he had failed to present evidence supporting the elements of his substantive claims for antitrust violations." *Id.* at 26–27.

Dr. Cohlmia argues the district court erred in finding that his claims were unreasonable. He contends the district court was "not authorize[d] [under the Act to do] an independent inquiry into a plaintiff's underlying claims. Accordingly, the only issue that this Court should consider is whether Dr. Cohlmia's challenge to St. John's assertion of HCQIA immunity was unreasonable or without foundation." Aplt. Br. at 31. In other words, he contends we should not consider the strength or weakness of his entire suit as part of the inquiry into the award of

-6-

attorney's fees.  As a result, Dr. Cohlmia reads the statute to require the court to award attorney's fees *not* if his underlying legal claims were frivolous *but only if* his challenge to HCQIA immunity was frivolous.

We do not reach the same conclusion.  HCQIA provides attorney's fees "in any suit . . . if the *claim*, or the *claimant's conduct* during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith."  42 U.S.C. § 11113 (emphasis added).  The statute further allows attorney's fees for "substantially prevailing" against "any" claim, not just successfully asserting a HCQIA immunity.  The term "claim" in litigation is common and well understood to mean a party's claim for relief.  The text of the statute does not suggest that "claim" could have an alternative meaning in this context, let alone that "claim" refers only to a contest of HCQIA immunity.  In fact, the fee-shifting provision makes no mention of immunity at all.  Although Dr. Cohlmia argues that mentioning § 11112(a) is Congress's short hand for allowing attorney's fees only for a challenge to HCQIA immunity, § 11112(a) is not about immunity.  This section sets forth the standards the hospital must meet to demonstrate that it was engaged in a professional review action.  In short, the statute allows a prevailing party to recover fees where HCQIA applies—especially in a case like this one, which is fundamentally about the consequences of the professional review process.

Other courts agree. For example, the Seventh Circuit found that HCQIA lays out entirely separate analyses to determine immunity and fee-shifting. *Addis v. Holy Cross Health Sys. Corp.*, 88 F.3d 482, 486 (7th Cir. 1996) (granting attorney's fees under HCQIA where the defendant won summary judgment for reasons unrelated to HCQIA immunity). The court noted, "[t]he text of § 11113 explicitly states that an award of fees may be appropriate 'to the extent that a defendant has met the standards set forth under [sec. 11112(a)].' It does not link an award of fees to immunity, as might be the case were § 11113 written along the lines of, 'to the extent that a defendant has acquired immunity from damages liability as provided for in § 11111(a).'" *Id.* The Ninth Circuit went one step further, holding that, even if immunity was a close issue, the court may award attorney's fees under HCQIA when the plaintiff's underlying claim was without foundation. *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

These interpretations of the text are entirely consistent with Congress's purpose in passing HCQIA to "provide incentive and protection for physicians engaging in effective professional peer review." 42 U.S.C. § 11101. Dr. Cohlmia's interpretation would allow underlying claims aimed at the peer review process—after all, that is what this lawsuit is fundamentally about—to be reframed as antitrust or business tort claims simply to evade § 11113's fee shifting provision.

Therefore, we agree with the district court that HCQIA fee-shifting is available if Dr. Cohlmia's lawsuit or his conduct during litigation was frivolous and in bad faith.

### B. Attorney's Fees

The district court did not abuse its discretion in concluding Dr. Cohlmia's claims and conduct during litigation were frivolous and unreasonable. First, as recounted above, many of the claims initially pleaded failed to even state a plausible cause of action, let alone merit discovery and additional motions practice.

Similarly, the district court found that Dr. Cohlmia's federal and state antitrust claims and tort claims were ultimately without foundation. "Although the antitrust claims [] survived a motion to dismiss, the [district] court early on expressed skepticism of their viability based on the number of hospitals in the Tulsa area," and, as early as November 2006, identified "serious hurdles" that Dr. Cohlmia must overcome to survive summary judgment. *Cohlmia*, 906 F. Supp. 2d at 1205. Despite the district court's skepticism, Dr. Cohlmia pursued these claims, "ignor[ing] indicators that the case against St. John lacked substance and engaged in extensive, costly discovery." *Id.* at 1207. Eventually, the court granted summary judgment on the grounds that, despite ample opportunity, Dr. Cohlmia had failed to rebut St. John's assertion of HCQIA immunity or otherwise present evidence supporting the substantive elements of his claims.

We agreed on appeal, finding among other things, that Dr. Cohlmia had not presented any evidence to suggest he suffered an antitrust injury or damages. *Cohlmia*, 693 F.3d at 1281. And the failings of these claims should have been apparent early in the litigation, as the district court found in awarding attorney's fees.

In sum, after a careful review of the record and pleadings, we agree with the district court's conclusion that the suit was "at best—unreasonable and without foundation and—at worst—frivolous and asserted in bad faith." *Cohlmia*, 906 F. Supp. 2d at 1205.

We therefore AFFIRM the district court's order.